Cara R. Burns (SBN: 137557)
Hicks, Mims, Kaplan & Burns
3250 Ocean Park Blvd, Suite 350
Santa Monica, California 90405
Telephone: (310) 314-1721
Facsimile:  (310) 314-1725
cburns@hmkblawyers.com

Attorneys for Plaintiff,
F.E.A., INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CV11-08333 JAK (AGRx)

| | |
|---|---|
| F.E.A., INC., | Case No. |
| Plaintiff, | COMPLAINT FOR: |
| v. | TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; CALIFORNIA CIVIL CODE 3344(a); AND RIGHT TO PRIVACY |
| JOHN DOES 1-5, JANE DOES 1-4 AND XYZ COMPANY, | |
| Defendants. | |

Plaintiff F.E.A., Inc. ("Plaintiff"), by its attorneys, files this complaint against defendants, alleging as follows:

## JURISDICTION AND VENUE

1. This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. §§ 1338(a), (b). Venue in this district is proper under 28 U.S.C. § 1391(b).

## PARTIES

2. F.E.A., Inc. ("Plaintiff") is a New Jersey corporation with its principal place of business in Englewood, New Jersey.

---

Hicks, Mims,
Kaplan, and Burns
Attorneys at Law

Complaint

3.      Defendants John Does 1-100, Jane Does 1-100 and XYZ Company who are sued herein under fictitious names because their true names and capacities are unknown at this time. This complaint will be amended when their true names and capacities are ascertained.

4.      Upon information and belief, the individual defendants will be present in and about the Central District of California in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

5.      On information and belief, defendant XYZ Company through its agents, servants and employees, is or will be present in and about the Central District of California and is or will be subject to the jurisdiction of this Court.

6.      Defendants, and each of them, are individuals and business entities who, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein.  Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

7.      Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performing groups and groups, including, but not limited to tour and program books, T-shirts, jerseys, sweatshirts, hats, visors, buttons and posters (collectively "Merchandise") which embody the names, likenesses and trademarks of various musical performers.

8.      **"FOO FIGHTERS"** (the "Group ") is the trademark used by a musical group in connection with their performing, recording, merchandising and other related goods in all aspects of the entertainment industry and to distinguish their services from other groups. The Group has used their mark in connection with their recording and performing services for over 16 years. The Group has obtained Federal Trademark

Registrations for their **FOO FIGHTERS** trademark: Federal Registration No.2128558 for use in connection with International Class ("IC"): 25, for clothing; Federal Registration No. 2128557 for use in connection with IC 16, for posters;  Federal Registration No. 2156269 for use in connection with  IC 41, for entertainment services; and Federal Registration No. 2101487 for use in connection with IC 9, pre-recorded compact discs, etc.  Each mark is now incontestable.

9. Pursuant to an agreement between the Group and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all trademarks, servicemarks, likenesses, logos and other indicia of the Group (collectively, the "Group's Trademarks") on and in connection with Merchandise ("Tour Merchandise") sold and offered for sale in the vicinity of the Group's concerts on their present North American tour (the "Tour").

10. The Group has used their trademarks to identify officially authorized goods and services and to distinguish themselves from those of others by, among other things, prominently displaying in interstate commerce the Group's Trademarks in advertising, on promotional material, on recording covers and on Tour Merchandise, including T-shirts and other apparel.

11. The Group has a decidedly strong and loyal following among those who attend popular music concerts and record buyers. The Group has appeared in concerts at major arenas and stadiums in the United States, Canada, and throughout the world and has been seen and heard in concerts by millions of popular music enthusiasts.  The Group's previous tours were attended by hundreds of thousands of people.  The Group is so popular that all of the announced performances for this Tour are almost sold out.

12. Plaintiff and the Group annually realize substantial income from the sale of the Tour Merchandise bearing the Group's Trademarks, and hundreds of thousands of such items have been sold throughout the United States.

13. As a result of the foregoing, each of the Group's Trademarks has developed and now possesses secondary and distinctive meaning to purchasers of the Tour Merchandise bearing any or all of the Group's Trademarks.

14. On October 13 and 14, 2011 at The Forum in Los Angeles, California, the Group will perform (the "Concerts").

15. Pursuant to the Agreement, the Group has granted to Plaintiff the exclusive right to market articles of clothing and other Tour Merchandise bearing any or all of the Group's Trademarks at or near the site of the Concerts and at all other arenas and stadiums in which the Tour will perform. The authorized Tour Merchandise bearing any or all of the Group's Trademarks will be distributed throughout the United States in connection with the Tour.

## DEFENDANTS' UNLAWFUL CONDUCT

16. On information and belief, Defendants will sell and distribute unauthorized T-shirts, jerseys, caps and/or other merchandise bearing any or all of the Group's Trademarks (the "Unauthorized Merchandise") in the vicinity of the Concerts before, during and after his performance, and at subsequent concerts during the Tour. The Tour has recently begun and defendants have appeared selling and distributing their Unauthorized Merchandise.

17. The Unauthorized Merchandise is of the same general appearance as Plaintiff's Merchandise and is likely to cause confusion among prospective purchasers. Defendants' Unauthorized Merchandise is not authorized by the Group or Plaintiff.

18. The Unauthorized Merchandise sold and to be sold by Defendants is generally of inferior quality. The sale of such merchandise has injured and is likely to injure the reputation of the Group which has developed by virtue of their public performances and the reputation for high quality associated with Plaintiff and Tour Merchandise.

19. The aforesaid acts by Defendants and others are likely to cause the

purchasing public to believe that the sale of such Unauthorized Merchandise is authorized, sponsored or approved by the Group and/or Plaintiff and that such Unauthorized Merchandise is subject to the same quality control and regulation required by the Group and/or Plaintiff, despite the fact that this is not true. It also injures Group and Plaintiff in that Defendants do not have to pay any royalty for these unlawful sales.

20. The aforesaid manufacture, distribution and sale of Unauthorized Merchandise bearing the trademarks, servicemarks, likenesses, logos and other indicia of the Group constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise. The use by Defendants and others of the Group's Trademark also constitutes an attempt to palm off and appropriate to themselves the Group's and Plaintiff's exclusive rights therein.

21. Upon information and belief, Defendants have and will continue to engage in such unauthorized activities in this state and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Group.

22. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

### FIRST CLAIM FOR RELIEF
(Violation of the Lanham Act)

23. Plaintiff realleges each allegation set forth above.

24. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Unauthorized Merchandise.

## SECOND CLAIM FOR RELIEF
(Infringement of Registered Trademarks)

25. Plaintiff realleges each allegation set forth above.

26. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with respect to Defendants' infringement of the registered marks.

## THIRD CLAIM FOR RELIEF
(Violation of California Civil Code § 3344(a))

28. Plaintiff realleges each allegation set forth in paragraphs 1 -23 above.

29. Upon information and belief, the aforesaid acts by Defendants and others will involve the knowing use of the Group's name and likeness without consent, in violation of California Civil Code § 3344(a).

30. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to California Civil Code § 3344 with respect to Defendants' unlawful use of the Group's name and likeness.

## FOURTH CLAIM FOR RELIEF
(Violation of Common Law Right to Privacy)

31. Plaintiff realleges each allegation set forth in paragraphs 1 - 23 above.

32. By virtue of the expenditures of time, efforts and talent by the Group and Plaintiff in advertising, publicizing and promoting the accomplishments of the Group and through extensive commercial exploitation of their public persona, the Group has created rights of publicity in the Group's names which has been licensed and conveyed to Plaintiff.

33. The aforesaid uses of the Group's Trademarks by Defendants constitute infringements of such rights of privacy.

34. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief under the Common Law Right to Privacy

with respect to Defendants' unauthorized use of Group's name and likeness.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks relief against Defendants as follows:

A. As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other judicial districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the Group's Trademarks or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

B. As to All Claims For Relief, that this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Unauthorized Merchandise which the Defendants attempt to sell, distribute or hold for sale at, within or in the vicinity of the arenas at which the Group is performing, whether this occurs before, during or after the concerts on the tour.

C. That Defendants deliver up for destruction all Unauthorized Merchandise.

D. As to All Claims For Relief, that Defendants pay to Plaintiff damages in an amount to be determined and that Plaintiff be awarded its costs, attorneys fees and such other and further relief as the Court deems to be just and proper.

Dated: October _7_, 2011         Respectfully Submitted
                                 F.E.A., INC., By Its Attorneys
                                 /s/ Cara R. Burns_____
                                 Cara R. Burns, Esq. (Cal. Bar # 137557)
                                 Hicks, Mims, Kaplan & Burns
                                 3250 Ocean Park Blvd, Suite 350
                                 Santa Monica, California 90405

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

**CV11- 8333 JAK (AGRx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| F.E.A., INC.<br><br>PLAINTIFF(S)<br>v.<br>JOHN DOES 1-5, JANE DOES 1-4 AND XYZ COMPANY<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV11-08333 JAK (AGRx)<br><br>SUMMONS |

TO: DEFENDANT(S): <u>NAMED ABOVE</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>CARA R. BURNS</u>, whose address is <u>3250 OCEAN PARK BLVD, STE 350, SANTA MONICA, CA 90405</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: OCT -7 2011

Clerk, U.S. District Court

By: _____
Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (12/07)  SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
F.E.A., INC.

**DEFENDANTS**
JOHN DOES 1-5, JANE DOES 1-4 AND XYZ COMPANY

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

CARA R. BURNS, HICKS, MIMS, KAPLAN & BURNS,
3250 OCEAN PARK BLVD SUITE 350, SANTA MONICA, CA 90405
310-314-1721

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. section 1051 et. seq. Seizure of unlawful goods at concerts

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**CV11-08333**

FOR OFFICE USE ONLY: Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)             CIVIL COVER SHEET             Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): 11-3024 ABC; 11-4816 ABC; 10-5926 ABC, 10-3580 ABC, 10-2635 ABC, See related case notice

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☑ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | New Jersey |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 10/7/11

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |